**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 0 4 2020

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**CHAD BOLIN, ROBERT BRADLEY, RICHARD BURTON, LOUIS CHARLTON, III, GARYLING CHILDRESS, GARY COX, KATELYN DAWSON, WILLIAM FASON, WAYNE FRAZIER, ANTHONY HOLDEN, SR., SHEREE JONES, DELFRED MCLENAN, JOANQUIN MONTES, STEVEN O'NEAL, JR., STEPHEN TUCKER, TITOS WILLIAMS and MARSHA WOMACK**

**PLAINTIFFS**

VS.                              No. 4:20-cv- **885 - SWW**

**TRINITY PROPERTY MANAGEMENT, LLC, TRI 5 JACKSONVILLE, LLC, and ANDMARK CHAPEL RIDGE OF CONWAY, LLC**

**DEFENDANTS**

This case assigned to District Judge **Wright**
and to Magistrate Judge **Harris**

## ORIGINAL COMPLAINT

COME NOW Plaintiffs Chad Bolin, Robert Bradley, Richard Burton, Louis Charlton, III, Garyling Childress, Gary Cox, Katelyn Dawson, William Fason, Wayne Frazier, Anthony Holden, Sr., Sheree Jones, Delfred McLennan, Joanquin Montes, Steven O'Neal, Jr., Stephen Tucker, Titos Williams and Marsha Womack, by and through their attorneys April Rhéaume, Steve Rauls and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint against Defendants Trinity Property Management, LLC, Tri 5 Jacksonville, LLC, and Andmark Chapel Ridge of Conway, LLC, state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201,

*et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiffs a proper minimum wage and lawful overtime compensation for hours in excess of forty (40) hours per week.

2.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

3.      This case comes before the Court because Plaintiffs are a group of decertified opt-in plaintiffs from the case *David Brown v. Trinity Property Management, LLC, et al.*, E.D. Ark. Case No. 4:19-cv-617-LPR (hereinafter "the *Brown* case").

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      Plaintiffs' claims under the AMWA form part of the same case or controversy and arises out of the same facts as the FLSA claims. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

6.      Defendants conduct business in this District and a substantial part of the events alleged herein occurred in this District.

7.      The witnesses to minimum wage and overtime wage violations alleged in this Complaint reside in this District.

8.      The acts complained of herein were committed and had their principal effect within in the Central Division; therefore, venue is proper pursuant to 28 U.S.C. § 1391.

## III.   **THE PARTIES**

9.   Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

10.   Plaintiffs participated as opt-in plaintiffs in the Brown case.

11.   Plaintiffs consented to decertification from the *Brown* case on August 4, 2020.

12.   Plaintiffs' statutes of limitations were tolled as of the date on which Plaintiffs filed their individual Consent to Join in the *Brown* case.

13.   Plaintiff Chad Bolin is a citizen and resident of Pulaski County and filed his claim in the *Brown* case on March 2, 2020.

14.   Plaintiff Katelyn Dawson is a citizen and resident of Saline County and filed her claim in the *Brown* case on February 24, 2020.

15.   Robert Bradley is a citizen and resident of Pulaski County and filed his claim in the *Brown* case on January 27, 2020.

16.   Richard Burton is a citizen and resident of Jefferson County and filed his claim in the *Brown* case on October 28, 2019.

17.   Louis Charlton, III is a citizen and resident of Pulaski County and filed his claim in the *Brown* case on January 6, 2020.

18.   Garlying Childress is a citizen and resident of Pulaski County and filed his claim in the *Brown* case on November 4, 2019.

19.   Gary Cox is a citizen and resident of Pulaski County and filed his claim in the *Brown* case on January 6, 2020.

20.     William Fason is a citizen and resident of Faulkner County and filed his claim in the *Brown* case on February 6, 2020.

21.     Wayne Frazier is a citizen and resident of Pulaski County and filed his claim in the *Brown* case on January 6, 2020.

22.     Anthony Holden, Sr. is a citizen and resident of Pulaski County and filed his claim in the *Brown* case on January 8, 2020.

23.     Sheree Jones is a citizen and resident of Pulaski County and filed her claim in the *Brown* case on January 31, 2020.

24.     Delfred McLennan is a citizen and resident of Pulaski County and filed his claim in the *Brown* case on October 21, 2019.

25.     Joanquin Montes is a citizen and resident of Pulaski County and filed his claim in the *Brown* case on February 24, 2020.

26.     Steven O'Neal, Jr. is a citizen and resident of Pulaski County and filed his claim in the *Brown* case on January 22, 2020.

27.     Stephen Tucker is a citizen and resident of Pulaski County and filed his claim in the *Brown* case on February 24, 2020.

28.     Titos Williams is a citizen and resident of Pulaski County and filed his claim in the *Brown* case on October 31, 2019.

29.     Marsha Womack is a citizen and resident of Faulkner County and filed her claim in the *Brown* case on February 24, 2020.

30.     Each Plaintiff was employed by Defendants as an hourly employee at their apartment complexes.

31.     Plaintiffs Chad Bolin, Robert Bradley, Richard Burton, Louis Charlton, III, Garlying Childress, Gary Cox, William Fason, Wayne Frazier, Anthony Holden, Sr., Delfred McLennan, Joanquin Montes, Steven O'Neal, Jr., Stephen Tucker, and Titos Williams worked as maintenance personnel for Defendants.

32.     Plaintiffs Katelyn Dawson, Sheree Jones, and Marsha Womack worked as office personnel for Defendants.

33.     During Plaintiffs' employment, Defendants classified Plaintiffs as non-exempt from the overtime requirements of the FLSA and the AMWA and paid Plaintiffs an hourly wage.

34.     At all material times, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA and the AMWA.

35.     Defendant Trinity Property Management, LLC, is an Arkansas company headquartered in Fort Smith that operates apartment complexes throughout the United States, including this judicial district.

36.     Defendant Trinity Property Management, LLC, should be served by its registered agent for service, namely John Alford, 6804 Rogers Avenue, Suite B, Fort Smith, Arkansas 72903.

37.     Defendant Tri 5 Jacksonville, LLC, is an Arkansas company and subsidiary of Defendant Trinity Property Management, LLC, is located in Fort Smith, and collectively with Defendant Trinity Property Management, LLC, operates the Tri 5 apartment complexes in Jacksonville.

38.     Defendant Tri 5 Jacksonville, LLC, should be served by its registered agent for service, namely Dave Pinson, 6515 Zero Street, Fort Smith, Arkansas 72903.

39.     Defendant Andmark Chapel Ridge of Conway, LLC, is an Arkansas Company with its principal address in Los Angeles, California, and collectively with Defendant Trinity Property Management, LLC, operates an apartment complex in Conway.

40.     Defendant Andmark Chapel Ridge of Conway, LLC, should be served by its registered agent, namely Dave Pinson, 6515 Zero Street, Fort Smith, Arkansas 72903.

41.     Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three (3) calendar years preceding the filing of this Complaint.

42.     Defendants were at all times relevant hereto Plaintiffs' employers, as well as the employers of the members of the proposed classes and are and have been engaged in interstate commerce as that term is defined under the FLSA and the AMWA.

43.     Within the past three (3) years preceding the filing of this Complaint, Defendants continuously employed at least four employees, including Plaintiffs.

## IV.    FACTUAL ALLEGATIONS

31.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

32.     Defendants' primary business, collectively, is operating apartment complexes.

33.     Within the three (3) years prior to the filing of this Complaint Defendants hired Plaintiffs, among other individuals, to run and maintain their apartment complexes.

34.     Plaintiffs Chad Bolin, Robert Bradley, Richard Burton, Louis Charlton, III, Garlying Childress, Gary Cox, William Fason, Wayne Frazier, Anthony Holden, Sr.,

Delfred McLennan, Joanquin Montes, Steven O'Neal, Jr., Stephen Tucker, and Titos Williams worked as maintenance personnel for Defendants and Defendants set their work schedules, including the hours to be worked.

35.     Plaintiffs Katelyn Dawson, Sheree Jones, and Marsha Womack, worked as office personnel for Defendants and Defendants set their work schedules, including the hours to be worked.

36.     Defendants exercise comprehensive control over the conditions of employment of their employees, including Plaintiffs' employment.

37.     During Plaintiffs' employment, Plaintiffs Chad Bolin, Robert Bradley, Richard Burton, Louis Charlton, III, Garlying Childress, Gary Cox, William Fason, Wayne Frazier, Anthony Holden, Sr., Delfred McLennan, Joanquin Montes, Steven O'Neal, Jr., Stephen Tucker, and Titos Williams were employed as maintenance personnel and were responsible for maintenance, repair and general upkeep of Defendants' apartment complexes. Plaintiffs Chad Bolin, Robert Bradley, Richard Burton, Louis Charlton, III, Garlying Childress, Gary Cox, William Fason, Wayne Frazier, Anthony Holden, Sr., Delfred McLennan, Joanquin Montes, Steven O'Neal, Jr., Stephen Tucker, and Titos Williams were scheduled regular hours, set by Defendants; however, they were nearly always on call and were doing repairs and maintenance outside their regularly scheduled hours.

38.     Plaintiffs Katelyn Dawson, Sheree Jones, and Marsha Womack were employed as office personnel and were responsible for handling resident tours, questions, grievances, and other clerical tasks for a small apartment complex office. They were scheduled regular hours, set by Defendants, but were required to respond to resident

complaints at any time, including nights and weekends.

39.     Plaintiffs worked in excess of forty (40) hours per week on a regular, typical basis while working for Defendants.

40.     Plaintiffs were subject to a policy wherein their lunch period was deducted from their paychecks, regardless of whether they had to work through lunch. Plaintiffs worked through most of their lunches.

41.     Defendants maintained a policy wherein employees who exceeded forty (40) hours per week had their time entries changed to lower the number of hours worked on a regular basis. Overtime was rarely "approved" by the regional managers, even after the hours had already been worked by Plaintiffs.

42.     Defendants violated the FLSA and the AMWA by not paying Plaintiffs for all hours worked.

43.     Plaintiffs, including Katelyn Dawson, Wayne Frazier, Anthony Holden, Sr., Delfred McLennan, and Steven O'Neal, Jr., lived on-premises and were given a rent discount while living on premises.

44.     When Defendants paid overtime to employees, Defendants paid Plaintiffs and other hourly-paid employees 1.5x their *base* hourly rate for the approved hours that they worked over 40 in a workweek, except as otherwise described herein.

45.     However, Defendants did not include all forms of compensation, such as rent discounts given to Plaintiffs and the other hourly-paid employees who lived on-premises in their regular rate of pay when calculating their overtime rate of pay.

46.     Section 778.208 of Title 29 of the Code of Federal Regulations requires all forms of compensation, such as rent discounts, "must be totaled in with other earnings to

determine the regular rate on which overtime pay must be based."

47.     Defendants violated the FLSA and the AMWA by not including all forms of compensation, such as rent discounts for Plaintiffs who lived on-premises in their regular rate when calculating their overtime pay.

48.     Defendants do not reimburse employees for their actual expenses.

49.     Defendants do not reimburse employees at the IRS standard business mileage rate.

50.     Each and every Plaintiff were required to make trips between locations, or to stores to pick up supplies. This was especially burdensome on Plaintiffs Chad Bolin, Robert Bradley, Richard Burton, Louis Charlton, III, Garlying Childress, Gary Cox, William Fason, Wayne Frazier, Anthony Holden, Sr., Delfred McLennan, Joanquin Montes, Steven O'Neal, Jr., Stephen Tucker, and Titos Williams, who had to purchase maintenance supplies several times a week from retail stores such as Lowe's and Home Depot. In some cases, Plaintiffs Chad Bolin, Robert Bradley, Richard Burton, Louis Charlton, III, Garlying Childress, Gary Cox, William Fason, Wayne Frazier, Anthony Holden, Sr., Delfred McLennan, Joanquin Montes, Steven O'Neal, Jr., Stephen Tucker, and Titos Williams, had to take multiple trips a day for Defendants, using their personal vehicles, and were not compensated for the same.

51.     As a result of the automobile and other job-related expenses incurred by Plaintiffs and paying Plaintiffs for fewer hours than they actually worked, Plaintiffs were deprived of minimum wages guaranteed to them by the FLSA and AMWA.

52.     Plaintiffs worked for Defendants at Defendants' apartment complexes in Little Rock, North Little Rock, Conway and Jacksonville. Defendants' pay practices are

uniform for all of their locations.

53.     The pay practices that violate the FLSA and the AMWA alleged herein were the same at all of Defendants' apartment complexes because the policy was a centralized human resources policy implemented uniformly from Defendants' principal office.

54.     Defendants knew or showed reckless disregard for whether the way they paid Plaintiffs violated the FLSA.

## V.     FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

65.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

66.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

67.     Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, including bonuses and rent discounts, for Plaintiffs in their regular rate when calculating their overtime pay.

68.     Defendants failed to pay Plaintiffs all minimum wages and overtime wages owed, as required under the FLSA.

69.     Defendants failed to pay Plaintiffs for all hours worked and their pay practices of reducing hours worked, failing to reimburse for mileage, and auto-deducting lunches resulted in a failure to pay a proper minimum wage.

70.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

71.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

72.     By reason of the unlawful acts alleged in this Complaint, Defendants is liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

73.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     SECOND CLAIM FOR RELIEF
## (Individual Claims for Violation of the AMWA)

75.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

76.     Plaintiffs assert their claims for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

77.     At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

78.      Section 211 requires employers to pay all employees a lawful minimum wage and 1.5x regular wages for all hours worked over 40 hours, unless an employee meets an exemption in 29 U.S.C. § 213 and accompanying DOL regulations.

79.     Defendants failed to pay Plaintiffs all minimum wages and overtime wages owed, as required under the AMWA.

80.     Defendants failed to pay Plaintiffs for all hours worked and their pay practices of reducing hours worked, failing to reimburse for mileage, and auto-deducting lunches resulted in a failure to pay a proper minimum wage.

81.     Defendants' failure to include the rent discounts in Plaintiffs' overtime pay resulted in a failure to pay Plaintiffs full and complete overtime during weeks in which Plaintiffs worked more than forty (40) hours.

82.     Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

83.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of the Complaint, plus periods of equitable tolling.

84.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Chad Bolin, Robert Bradley, Richard Burton, Louis Charlton, III, Garlying Childress, Gary Cox, Katelyn Dawson, William Fason, Wayne Frazier, Anthony Holden, Sr., Sheree Jones, Delfred McLennan, Joanquin Montes, Steven O'Neal, Jr., Stephen Tucker, Titos Williams and Marsha Womack respectfully pray that Defendants be summoned to appear and to answer herein as follows:

A.     That Defendants be required to account to Plaintiffs and the Court for all of the hours worked by Plaintiffs and all monies paid to them;

B.     A declaratory judgment that Defendants' practices violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.;*

C.      A declaratory judgment that Defendants' practices violate the AMWA and the related regulations;

D.      Judgment for damages for all unpaid minimum wages and overtime compensation under the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.;*

E.      Judgment for damages for all unpaid minimum wages and overtime compensation under the AMWA and the related regulations;

F.      Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs during the applicable statutory period;

G.      Judgment for liquidated damages pursuant to the AMWA and the relating regulation; in an amount equal to all unpaid compensation owed to Plaintiffs during the applicable statutory period;

H.      An order directing Defendants to pay Plaintiffs pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

I.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFFS CHAD BOLIN, ROBERT
BRADLEY, RICHARD BURTON,
LOUIS CHARLTON, III, GARLYING
CHILDRESS, GARY COX, KATELYN
DAWSON, WILLIAM FASON, WAYNE
FRAZIER, ANTHONY HOLDEN, SR.,
SHEREE JONES, DELFRED
MCLENNAN, JOANQUIN MONTES,
STEVEN O'NEAL, JR., STEPHEN
TUCKER, TITOS WILLIAMS and
MARSHA WOMACK**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawifrm.com

Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com