IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHAD BOLIN, et al.**                                                                 **PLAINTIFFS**

v.                               Case No. 4:20-CV-885-LPR

**TRINITY PROPERTY
MANAGEMENT, LLC, et al.**                                                  **DEFENDANTS**

## ORDER

Plaintiffs brought this action under the Fair Labor Standards Act and the Arkansas Minimum Wage Act. The parties settled the claims in this case and filed a Joint Stipulation of Dismissal.[1] The Joint Stipulation left open the potential for Plaintiffs to petition the Court for costs and attorneys' fees.[2] Now before the Court is Plaintiffs' Motion for Costs and Attorneys' Fees and Related Request for Hearing.[3] Plaintiffs seek $474.30 in costs and $11,880.00 in fees.[4] The Motion is GRANTED in part and DENIED in part. Based on the reasoning below, the Court awards $474.30 in costs and $4,880.00 in fees.

## BACKGROUND

Seventeen Plaintiffs—Chad Bolin, Robert Bradley, Richard Burton, Louis Charlton, III, Garyling Childress, Gary Cox, Katelyn Dawson, William Fason, Wayne Frazier, Anthony Holden, Sr., Sheree Jones, Delfred McLenan, Joanquin Montes, Steven O'Neal, Jr., Stephen Tucker, Titos Williams, and Marsha Womack—filed this action alleging that Defendants violated the Fair Labor Standards Act and Arkansas Minimum Wage Act by failing to pay "a proper minimum wage and

---

[1] Joint Notice of Liability Settlement (Doc. 16); Joint Stipulation of Dismissal (Doc. 20).

[2] Joint Stipulation of Dismissal (Doc. 20) ¶¶ 6, 12.

[3] Doc. 21.

[4] *Id.* ¶¶ 5–6.

. . . overtime compensation for hours" worked in excess of forty hours per week.[5] Defendants filed an Answer.[6] After a meet and confer, the parties filed a Rule 26(f) Report.[7] The parties only engaged in written discovery—this included initial and supplemental disclosures, written interrogatories, and requests for production.[8] No depositions were taken.[9] No substantive motions were filed in this case. On April 15, 2022, the parties filed a Joint Stipulation of Dismissal resolving Plaintiffs' liability claims.[10]

Plaintiffs' counsel, Sanford Law Firm (SLF), has now filed the instant Motion seeking $474.30 in costs and $11,880.00 in attorneys' fees.[11] SLF's costs request includes postage, a service fee, and a filing fee.[12] Defendants do not object to the requested costs.[13] Defendants do oppose SLF's fees request. Defendants argue that (1) this case should have been combined with two related cases to create one "consolidated lawsuit,"[14] (2) if this case was on a 40% contingency fee basis, SLF would only receive $3,749.28, (3) SLF's requested hourly rates are too high, and (4) SLF's requested time billed is unreasonably high.[15]

---

[5] Compl. (Doc. 1) ¶ 1. The named Plaintiffs in this case were originally opt-in plaintiffs in another case, *Brown v. Trinity Prop. Mgmt., LLC*, Case No. 4:19-CV-00617-LPR (E.D. Ark.). Compl. (Doc. 1) ¶ 10. Plaintiffs had opted into *Brown* after the Court conditionally certified a collective action in that case. The Court ultimately decertified the *Brown* collective, however, after which Plaintiffs filed this action.

[6] Answer (Doc. 8).

[7] Rule 26(f) Report (Doc. 12).

[8] Ex. 2 (Sanford Decl.) to Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 21-2) ¶ 40.

[9] *See id.*

[10] Joint Stipulation of Dismissal (Doc. 20).

[11] Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 21) ¶¶ 5–6.

[12] Ex. 3 (Matter Expense Report) to Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 21-3).

[13] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 23) at 11.

[14] Those two cases are *Brown*, Case No. 4:19-CV-00617-LPR and *Huey v. Trinity Prop. Mgmt., LLC*, Case No. 4:20-CV-00685-LPR.

[15] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 23).

SLF used the lodestar method to calculate the fees it claims.[16] For hourly rates, SLF requests $383 for Josh Sanford; $230 for April Rhéaume; and $100 for paralegal.[17] The table below summarizes the total and per-biller hours claimed for each billing category, as well as the total amount of fees requested for each billing category.[18]

| Category | Sanford Hours Claimed | Rhéaume Hours Claimed | Paralegal Hours Claimed | Total Hours Claimed | Total Fees Claimed |
|---|---|---|---|---|---|
| Case Management | 0.7 | 0.7 | 0.4 | 1.8 | $469.10 |
| Client Communication | 0.0 | 7.4 | 9.7 | 17.1 | $2,672.00 |
| Complaint/Summons/Service | 0.2 | 1.2 | 1.8 | 3.2 | $532.60 |
| Damages Calculations | 0.0 | 12.4 | 0.0 | 12.4 | $2,852.00 |
| Discovery-Related Work | 0.8 | 6.0 | 10.4 | 17.2 | $2,726.40 |
| In-House Communication | 1.0 | 1.1 | 0.0 | 2.1 | $636.00 |
| Opposing Counsel Communication | 0.3 | 4.1 | 0.3 | 4.7 | $1,087.90 |
| Settlement-Related Work | 0.0 | 2.8 | 2.6 | 5.4 | $904.00 |
| Total | 3.0 | 35.7 | 25.2 | 63.9 | $11,880.00 |

While SLF claims 38.7 attorney hours, Defendants argue that only 10.2 attorney hours were reasonably expended.[19] While SLF claims 25.2 paralegal hours, Defendants argue that only 11.7 paralegal hours were reasonably expended.[20]

## DISCUSSION

Under the FLSA, a court "shall, in addition to any judgment awarded to the plaintiff or

---

[16] Br. in Supp. of Pls.' Mot. for Costs and Att'ys' Fees and Related Req. for Hr'g (Doc. 22) at 3–13.

[17] *Id.* at 9.

[18] *Id.* at 6, 9; Ex. 1 (Billing Spreadsheet) to Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 21-1) [hereinafter *Billing Spreadsheet*]. SLF notes that it applied reductions to its time billed before submitting its Motion. Br. in Supp. of Pls.' Mot. for Costs and Att'ys' Fees and Related Req. for Hr'g (Doc. 22) at 5–6. SLF's self-imposed reductions have no bearing on the Court's calculation of an appropriate attorneys' fee award in this case. *See Wolfe v. Affordable Rooter Serv., LLC*, No. 4:20-CV-00156-LPR, 2022 WL 2352364, at *2 n.21 (E.D. Ark. Mar. 30, 2022) (stating that a lawyer's self-imposed reductions are not considered in an attorneys' fees calculation because "it is the duty of the requesting party to make a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary" (quoting *Oden v. Shane Smith Enters., Inc.*, 27 F.4th 631, 634 (8th Cir. 2022))).

[19] Br. in Supp. of Pls.' Mot. for Costs and Att'ys' Fees and Related Req. for Hr'g (Doc. 22) at 9; Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 23) at 5.

[20] Br. in Supp. of Pls.' Mot. for Costs and Att'ys' Fees and Related Req. for Hr'g (Doc. 22) at 9; Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 23) at 5.

plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."[21] To determine a reasonable fee award, the Eighth Circuit directs district courts to use the lodestar method wherein the number of hours reasonably expended on litigation is multiplied by a reasonable hourly rate.[22] The Court should reduce the lodestar to "exclude hours that were not reasonably expended from its calculations."[23] The resulting product of the multiplication calculation serves as the lodestar—a starting point that may be adjusted "upward or downward on the basis of the results obtained."[24]

**I.       Reasonable Costs Incurred**

As noted above, the FLSA provides that a court "shall . . . allow . . . costs of the action" to be recouped by a prevailing plaintiff.[25] Given the nature of this case, the nature of the costs presented by SLF, and the absence of objection by Defendants, the Court concludes that the costs requested by SLF are reasonable. SLF is therefore awarded $474.30 in costs.

---

[21] 29 U.S.C. § 216(b).

[22] *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 855 (8th Cir. 2021). Defendants suggest that the Court should employ the "percentage of the benefit approach" to calculate reasonable attorneys' fees in this case. Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 23) at 3. Defendants do not, however, provide any particular reason why that approach is superior to the lodestar approach in this case. The Court has discretion "to choose which method to apply" in calculating attorneys' fees. *In re Life Time Fitness, Inc., Telephone Consumer Protection Act (TCPA) Litig.*, 847 F.3d 619, 622 (8th Cir. 2017) (citation omitted). In line with this Court's prior cases, the Court will utilize the lodestar approach. *See, e.g.*, *Wolfe*, 2022 WL 2352364.

[23] *Id.* at 855 (quoting *Childress v. Fox Assocs., LLC*, 932 F.3d 1165, 1172 (8th Cir. 2019)).

[24] *Dean v. Bradford Ests., LLC*, No. 4:19-CV-00748-BSM, 2020 WL 8642227, at *1 (E.D. Ark. Nov. 24, 2020) (quoting *Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003)). A court may also consider the factors identified in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *See Vines*, 9 F.4th at 855. The *Johnson* factors include: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Hensley v. Eckerhart*, 461 U.S. 424, 429–30 & 430 n.3 (1983) (citing *Johnson*, 488 F.2d at 717–19).

[25] 29 U.S.C. § 216(b).

## II.     Reasonable Hourly Rates

"As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'"[26] The hourly attorney rates requested by SLF in this case exceed the prevailing market rate. Based on its experience and knowledge of the local market and this District's precedent, the Court finds the following hourly rates (and nothing higher) to be reasonable: $250 for Mr. Sanford; $150 for Ms. Rhéaume; and $100 for any paralegal.[27]

## III.    Reasonable Time Expended

After a careful, line-by-line review of SLF's requested time, the Court concludes that only the following hours billed by each SLF biller were reasonably expended.[28]

### A.     Josh Sanford's Hours

Mr. Sanford claims 3 hours of work on this case.[29] Defendants argue that Mr. Sanford should not have billed any time for work on this case.[30] For the reasons that follow, the Court concludes that 1.5 of Mr. Sanford's billed hours can reasonably be included in the lodestar calculation.[31]

---

[26] *Beauford v. ActionLink, LLC*, No. 4:12-CV-00139-JLH, 2014 WL 183904, at *3 (E.D. Ark. Jan. 15, 2014) (quoting *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002)).

[27] *See Bonds v. Langston Cos., Inc.*, No. 3:18-CV-00189-LPR, 2021 WL 4130508, at *3 (E.D. Ark. Sept. 9, 2021) (finding that reasonable hourly rates for Mr. Sanford and Ms. Rhéaume are $250 and $150, respectively); *see also Wolfe*, 2022 WL 2352364, at *3 (finding that reasonable rates for Mr. Sanford and the firm's paralegals are $250 and $100, respectively).

[28] Although Defendants argue that this case should have been brought jointly with the two related cases, *see supra* note 14 and accompanying text, the Court will evaluate the time entries for this case independent of the two other arguably related cases. Defendants have not pointed to any authority that requires separate plaintiffs to bring a joint lawsuit simply because they share a common theory of recovery and are suing the same defendant. Plaintiffs were free to formulate their litigation strategy as they saw fit, including filing their own lawsuit. Moreover, Defendants never requested to consolidate the three cases.

[29] Br. in Supp. of Pls.' Mot. for Costs and Att'ys' Fees and Related Req. for Hr'g (Doc. 22) at 9.

[30] *See* Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 23) at 6–7.

[31] This includes 0.3 hours for case management; 0.3 hours for discovery-related work; 0.6 hours for in-house communication; and 0.3 hours for opposing counsel communication.

5

### 1. Case Management

Mr. Sanford claims 0.7 hours for "case management," which includes "reviewing orders related to scheduling, filing case documents, processing filed documents, contact with the clerk's office, and other work that is necessary to the procedural, rather than substantive, aspects of the case."[32] After reviewing the time entries line-by-line, the Court makes several reductions. First, Mr. Sanford billed 0.1 hours for opening the client file.[33] Opening a client file is a clerical task and is part of a law firm's overhead. Time billed for it cannot reasonably be included in the lodestar calculation. An additional 0.3 hours billed by Mr. Sanford in this category are for vaguely defined tasks.[34] Without adequate descriptions, the Court is unable to assess the reasonableness of this time. It is excluded. The remaining 0.3 hours claimed by Mr. Sanford for "case management" can be reasonably included in the lodestar calculation.

### 2. Complaint/Summons/Service

Mr. Sanford claims 0.2 hours in this category for "examination of answer."[35] This is duplicative of Ms. Rhéaume's entry on the same day for reviewing the Answer.[36] Duplicative entries are not reasonable. Accordingly, Mr. Sanford's "complaint/summons/service" time is excluded from the lodestar calculation.

---

[32] Ex. 2 (Sanford Decl.) to Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 21-2) ¶ 43.

[33] *Billing Spreadsheet* at 1.

[34] *Id.* at 1–2, 13. For example, Mr. Sanford billed 0.1 hours on September 1, 2020, for "[e]xamination of order." *Id.* at 1. That tells the Court essentially nothing. SLF may, if it chooses, file a motion for reconsideration with adequate descriptions for the time entries the Court deems vague. If it does so, the Court will re-evaluate these entries. *See Wheeler*, 348 F.3d at 754 ("The onus is on the party seeking the award to provide evidence of the hours worked and the rate claimed."). This invitation applies to all entries found to be "vague" in this Order.

[35] *Billing Spreadsheet* at 2.

[36] *Id.*

### 3. Discovery-Related Work

Mr. Sanford claims 0.8 hours for "discovery-related work."[37] The Court excludes 0.2 hours as duplicative of time spent by Ms. Rhéaume on the same day for the same task.[38] Additionally, 0.1 hours are accompanied by a vague description.[39] That time is also excluded. After accounting for those reductions, and subjecting the result to a 1/3 discount (for reasons discussed in Section III.B.5. *infra*), the Court finds that Mr. Sanford can reasonably claim only 0.3 hours for "discovery-related work."[40]

### 4. In-House Communication

Mr. Sanford claims 1 hour for "in-house communication," which includes time spent emailing and conferencing with colleagues and drafting or reviewing intra-office memoranda.[41] Defendants argue that SLF's "in-house communication" time is "duplicative" and "excessive."[42] The Court has reviewed the time Mr. Sanford claims in this category. 0.3 hours are excluded because they are accompanied by vague descriptions.[43] Another 0.1 hours are excluded because they were spent on a clerical task.[44] Accordingly, only 0.6 hours of Mr. Sanford's time claimed in this category can be included in the lodestar calculation.

---

[37] *Id.* at 4, 6–8.

[38] Mr. Sanford claims 0.2 hours on September 8, 2021, for [e]xamination of discovery answers from Def." *Id.* at 7. Ms. Rhéaume billed time on the same day for "[r]eceipt and review of answers to discovery." *Id.*

[39] The vague entry was billed on October 1, 2021, for "[e]xamination of transmittal of disc. answers." *Id.* at 8.

[40] The Court rounds down from 0.33 to 0.3.

[41] *Id.* at 1–2, 11.

[42] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 23) at 5, 10.

[43] *Billing Spreadsheet* at 1. For example, Mr. Sanford claims 0.1 hours for "[e]xamination of IOM: complaint" on July 26, 2020. *Id.*

[44] The clerical task Mr. Sanford claims "in-house communication" time for is "[e]xamination of [i]ntra-office memo regarding case events and deadlines" on November 2, 2020. *Id.* at 2. Managing case deadlines is clerical, non-compensable work.

### 5. Opposing Counsel Communication

Mr. Sanford claims 0.3 hours for communicating with opposing counsel.[45] Defendants make no specific objection to Mr. Sanford's time claimed in this category. After reviewing the time entries, the Court finds that all 0.3 hours can reasonably be claimed.

### B. April Rhéaume's Hours

Ms. Rhéaume claims 35.7 hours of work on this case.[46] Defendants claim that only 10.3 of Ms. Rhéaume's hours were reasonably expended.[47] For the reasons that follow, the Court concludes that 22.3 of Ms. Rhéaume's billed hours can reasonably be included in the lodestar calculation.[48]

### 1. Case Management

Ms. Rhéaume claims 0.7 hours for "case management," which includes "reviewing orders related to scheduling, filing case documents, processing filed documents, contact with the clerk's office, and other work that is necessary to the procedural, rather than substantive, aspects of the case."[49] After a careful line-by-line review, the Court makes several reductions. First, 0.1 hours are excluded as vague.[50] And another 0.1 hours are excluded because they were spent on clerical work.[51] After accounting for these reductions, the Court finds that Ms. Rhéaume may claim only

---

[45] *Id.* at 3, 6, 11.

[46] Br. in Supp. of Pls.' Mot. for Costs and Att'ys' Fees and Related Req. for Hr'g (Doc. 22) at 9.

[47] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 23) at 7.

[48] This includes 0.5 hours for case management; 0.2 hours for client communication; 1.1 hours for complaint/summons/service; 9.0 hours for damages calculations; 4.0 hours for discovery-related work; 0.7 hours for in-house communication; 4.1 hours for opposing counsel communication; and 2.7 hours for settlement-related work.

[49] Ex. 2 (Sanford Decl.) to Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 21-2) ¶ 43.

[50] The vague entry was billed on November 5, 2020, for "[r]eceipt and review of Order granting Motion." *Billing Spreadsheet* at 2.

[51] The clerical task is described as "[r]eceipt and review of correspondence from the court re: trial continued" on February 18, 2022. *Id.* at 13. It may be that a particular email to or from chambers is not clerical work, but SLF provides no detail to support such a conclusion. SLF may, if it chooses, file a motion for reconsideration with more detailed descriptions. If it does so, the Court will re-evaluate the relevant entry or entries. *See Wheeler*, 348 F.3d at

0.5 hours for "case management."

### 2. Client Communication

Ms. Rhéaume claims 7.4 hours for "client communication."[52] Defendants object that this is "more [time] than necessary" and that most of this communication could have been handled via email, text message, or by a secretary.[53] After a careful review, the Court finds that most of Ms. Rhéaume's client communication hours cannot be included in the lodestar calculation. First, 2.4 of Ms. Rhéaume's client communication hours are accompanied by redacted descriptions.[54] Without complete descriptions, the Court has no way to evaluate whether such time is reasonable. Those 2.4 hours are excluded from the lodestar calculation.[55] Additionally, 4.8 of Ms. Rhéaume's client communication hours are accompanied by vague descriptions that leave the Court with no way to assess their reasonableness.[56] Those 4.8 hours are excluded from the lodestar calculation. After accounting for these reductions, Ms. Rhéaume may reasonably claim only 0.2 hours for "client communication."

### 3. Complaint/Summons/Service

Ms. Rhéaume claims 1.2 hours for "complaint/summons/service," which includes "conducting preliminary investigations, drafting the initial Complaint in this case and doing the work involved in getting the case filed and served, including conferences with process servers and

---

[754] ("The onus is on the party seeking the award to provide evidence of the hours worked and the rate claimed."). This invitation applies to all time claimed related to emails to and from chambers.

[52] *Billing Spreadsheet* at 1–15.

[53] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 23) at 4–5.

[54] *Billing Spreadsheet* at 2, 7, 10–12, 14–15.

[55] SLF may, if it chooses, file a motion for reconsideration with unredacted descriptions (filed *ex parte* and under seal) for its time spent. If it does so, the Court will re-evaluate these entries. *See Wheeler*, 348 F.3d at 754 ("The onus is on the party seeking the award to provide evidence of the hours worked and the rate claimed."). This invitation applies to all entries redacted for reasons of privilege.

[56] *Billing Spreadsheet* at 1–6, 8–9, 11–14. For example, Ms. Rhéaume billed 0.2 hours on August 2, 2021, for "[t]elephone [c]onference(s) between [a]ttorney and [c]lient Anthony Holden." *Id.* at 6.

staff, as well as reviewing the Answer."[57] Specifically, Ms. Rhéaume claims 0.1 hours for editing the civil lawsuit coversheet, 1 hour for editing the Complaint, and 0.1 hours for reviewing Defendants' Answer.[58] Except for the 0.1 hours spent editing the civil coversheet, which is clerical work,[59] these are reasonable time entries given the nature of this case. Thus, 1.1 hours claimed in this category by Ms. Rhéaume are included in the lodestar calculation.

### 4. Damages Calculations

Ms. Rhéaume claims 12.4 hours for "damages calculations."[60] Defendants object to the hours claimed for damages calculations as "excessive."[61] The Court partially agrees with Defendants. Although some damages calculations are necessary to litigating an FLSA case, 12.4 hours is an excessive amount of time.[62] After reviewing the time entries line-by-line, the Court finds that only 9 hours may reasonably be included in the lodestar calculation for Ms. Rhéaume's time spent calculating damages.

### 5. Discovery-Related Work

Ms. Rhéaume claims 6 hours for "discovery-related work" in this case.[63] Defendants argue that SLF's discovery-related work hours are excessive because Plaintiffs' responses to discovery were "boiler plate" and thirteen of the requests received identical responses.[64] Additionally, SLF's

---

[57] Ex. 2 (Sanford Decl.) to Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 21-2) ¶ 35.

[58] *Billing Spreadsheet* at 1–2.

[59] It's also duplicative of the 0.2 hours claimed by the SLF paralegal for "[p]reparation and drafting of Civil Cover Sheet" on July 27, 2020. *Id.* at 1.

[60] *Id.* at 3–4.

[61] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 23) at 6 ("Defendants also object[] to the excessive time[] spent on damage calculations by the Plaintiffs.").

[62] *See Wolfe*, 2022 WL 2352364, at *4 (finding that only 5.60 hours were reasonably expended for "damages calculations" in an FLSA case with three plaintiffs).

[63] *Billing Spreadsheet* at 2–4, 6–8.

[64] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 23) at 6.

paralegal billed 10.4 hours for discovery.[65]  After a line-by-line review of the timesheet, and considering the limited discovery conducted in this case, the Court finds that Ms. Rhéaume may only claim 4 hours for "discovery-related work."  Essentially, the Court agrees that some significant portion of this time is excessive and has chosen to account for that conclusion by reducing the "discovery-related work" time by 1/3 for all billers.

### 6. In-House Communication

Ms. Rhéaume claims 1.1 hours for "in-house communication."[66]  Defendants oppose this time as "duplicative" and "excessive."[67]  The Court has reviewed each time entry carefully.  0.4 hours claimed in this category are described as communication with individuals identified by initials that do not match the names of anyone who worked on this case.[68]  The Court cannot determine the reasonableness of communications with unknown persons.  Those 0.4 hours are excluded.  The Court finds that the remaining 0.7 hours can reasonably be included in the lodestar calculation.

### 7. Opposing Counsel Communication

Ms. Rhéaume claims 4.1 hours for "opposing counsel communication."[69]  Defendants make no specific objection to Ms. Rhéaume's "opposing counsel communication" time claimed.  After reviewing the time entries line-by-line, the Court finds that all 4.1 hours claimed in this category by Ms. Rhéaume are reasonable.

---

[65] *See infra* Discussion Section III.C.4.

[66] *Billing Spreadsheet* at 1–2, 9–10, 12.

[67] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 23) at 10.

[68] *Billing Spreadsheet* at 1, 12.  For example, Ms. Rhéaume claims 0.1 hours for "[c]onference with AD re: case status and next steps" on January 12, 2022.  *Id.* at 12.  The Court has no way of knowing who "AD" is.  And the initials "AD" do not match anyone identified by SLF as having worked on this case.

[69] *Id.* at 3–7, 9–11, 14.

### 8. Settlement-Related Work

Ms. Rhéaume claims 2.8 hours for "settlement-related work," which includes damages calculations, preparing a settlement demand, reviewing counteroffers, and working on the client's file.[70] There are 0.1 hours claimed for "chargeback issues."[71] The Court is unable to assess this time's reasonableness because it is unclear what "chargeback issues" are. After reviewing the time entries, the Court finds that the remaining 2.7 hours may reasonably be claimed by Ms. Rhéaume for "settlement-related work."

### C.   Paralegal's Hours

SLF claims 25.2 hours of paralegal work on this case.[72] Defendants argue that only 11.7 paralegal hours were reasonably expended.[73] For the reasons that follow, the Court concludes that 11.6 of the paralegal hours can reasonably be included in the lodestar calculation.[74]

### 1. Case Management

SLF claims 0.4 paralegal hours for "case management," which includes "reviewing orders related to scheduling, filing case documents, processing filed documents, contact with the clerk's office, and other work that is necessary to the procedural, rather than substantive, aspects of the case."[75] After reviewing the time entries line-by-line, the Court finds that all 0.4 paralegal hours for "case management" can reasonably be included in the lodestar calculation.

---

[70] *Id.* at 6, 9–13, 15.

[71] *Id.* at 15.

[72] Br. in Supp. of Pls.' Mot. for Costs and Att'ys' Fees and Related Req. for Hr'g (Doc. 22) at 9.

[73] Defs.' Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 23) at 5.

[74] This includes 0.4 hours for case management; 0.5 hours for client communication; 1.5 hours for complaint/summons/service; 6.8 hours for discovery-related work; 0.3 hours for opposing counsel communication; and 2.1 hours for settlement-related work.

[75] Ex. 2 (Sanford Decl.) to Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 21-2) ¶ 43.

### 2. Client Communication

SLF claims 9.7 paralegal hours for "client communication."[76] The descriptions for 5.8 of the client communication hours are redacted.[77] The redactions leave the Court with no way to evaluate the reasonableness of the entries. The Court thus excludes those 5.8 hours. Additionally, 3.4 hours are described with vague descriptions.[78] Those 3.4 hours are excluded. After accounting for the reductions, the Court finds that only the remaining 0.5 hours can reasonably be included in the lodestar calculation.

### 3. Complaint/Summons/Service

SLF claims 1.8 paralegal hours for "complaint/summons/service," which includes drafting the Complaint, civil lawsuit cover sheet, and summonses.[79] After reviewing the timesheet line-by-line, the Court excludes 0.3 hours spent on "[p]reparation and drafting of Annotated Complaint" on November 13, 2020, because the Complaint in this case had been filed over three months earlier on August 4, 2020.[80] The remaining 1.5 paralegal hours can reasonably be included in the lodestar calculation.

### 4. Discovery-Related Work

SLF claims 10.4 paralegal hours for "discovery-related work," which includes drafting discovery requests, drafting the Rule 26(f) Report, reviewing Defendants' discovery responses, and drafting responses to Defendants' propounded discovery.[81] The Court excludes 0.2 hours

---

[76] *Billing Spreadsheet* at 2, 5–9, 11–15.

[77] *Id.* at 5–9, 11–15.

[78] *Id.* at 2, 5–8, 11–14. For example, the SLF paralegal billed for "[t]elephone [c]onference(s) with Anthony Holden re status" on April 12, 2022. *Id.* at 14.

[79] *Id.* at 1–2.

[80] *Id.* at 2; Compl. (Doc. 1). There was never any amendment to the Complaint filed—if this entry is related to a potential amended complaint.

[81] *Billing Spreadsheet* at 2, 4–9.

spent on a non-compensable clerical task.[82]  After accounting for this reduction, reviewing the entries line-by-line, and reducing the result by 1/3 as discussed in Section III.B.5., the Court finds that SLF can reasonably claim only 6.8 paralegal hours for "discovery-related work."

### 5. Opposing Counsel Communication

SLF claims 0.3 paralegal hours for "opposing counsel communication."[83]  Defendants make no specific objection to the "opposing counsel communication" hours claimed by SLF.  After reviewing the time entries, the Court finds that all 0.3 paralegal hours in this category can reasonably be included in the lodestar calculation.

### 6. Settlement-Related Work

SLF claims 2.6 paralegal hours for "settlement-related work."[84]  The Court excludes 0.1 hours as duplicative of time claimed by Ms. Rhéaume.[85]  An additional 0.3 hours are excluded because the description accompanying them is redacted.[86]  And 0.1 hours are excluded because they were spent preparing and drafting a joint status report on April 14, 2022, that was never filed.[87]  After accounting for these reductions, the Court finds that only 2.1 paralegal hours can reasonably be included in the lodestar calculation for this category.

## IV. Lodestar Calculation

The lodestar calculation in this case is $4,880.00.  The Court reaches this number by multiplying the reasonable hours billed by each attorney and the paralegal by the adjusted hourly

---

[82] The clerical task billed for was "[w]ork on [c]lient's file: review file for discovery deadline" on October 8, 2021. *Id.* at 9.

[83] *Id.* at 4, 8.

[84] *Id.* at 11–14.

[85] SLF claims 0.1 paralegal hours on November 15, 2021, for "[p]reparation and drafting of Joint Notice of Settlement." *Id.* at 11.  Ms. Rhéaume also claimed 0.1 hours on November 15, 2021, for "[p]reparation and drafting of notice of settlement." *Id.*  These entries seem duplicative.

[86] *Id.* at 13.

[87] *Id.* at 14.  There was not a joint status report filed in this case on or after April 14, 2022.

rates.[88] The table below shows these calculations.

| Attorney | Reasonable Hourly Rate | Reasonable Hours Billed | Reasonable Amount Billed |
|---|---|---|---|
| Josh Sanford | $250.00 | 1.5 | $375.00 |
| April Rhéaume | $150.00 | 22.3 | $3,345.00 |
| Paralegal | $100.00 | 11.6 | $1,160.00 |
| Total | | 35.4 | $4,880.00 |

This was an ordinary FLSA case. The Court finds that $4,880.00 of attorneys' fees is reasonable. No further reduction or enhancement is necessary, even if the *Johnson* factors are considered. A $4,880.00 attorneys' fee is not so out of proportion to a $9,373.18 settlement recovery to raise red flags under *Johnson* or cases that emphasize the significance of the amount of recovery to a fee determination.[89]

## CONCLUSION

For the reasons stated above, the Court awards SLF $474.30 in costs and $4,880.00 in attorneys' fees. Plaintiffs' Motion for Costs and Attorneys' Fees and Related Request for Hearing is GRANTED in part and DENIED in part.[90]

IT IS SO ORDERED this 29th day of March 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[88] *See supra* Discussion Sections II and III.

[89] The Court recognizes that a contingency fee of 40% would have resulted in a smaller number. But, especially in low-dollar cases, that is not surprising nor is it a reason on its own to reduce a lodestar calculation total. Nonetheless, if there is a motion for reconsideration, and if the lodestar increases significantly, the Court may revisit its conclusion that the lodestar is not so out of proportion to the recovery as to raise red flags.

[90] Plaintiffs' request for a hearing is DENIED. *See* Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 21) ¶ 10. The Court can resolve Plaintiffs' Motion with the benefit of the parties' briefs. The Court does not see a need for a hearing. *See Miller v. Dugan*, 764 F.3d 826, 830 (8th Cir. 2014) (holding that the district court was within its discretion to rule on attorneys' fees motion without an evidentiary hearing).